IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


SEAN WILLIAM BECK,

                    Plaintiff,


        vs.                               Civil Action 2:11-CV-155
                                          Magistrate Judge King


MUSKINGUM COUNTY, OHIO, *et al.*,

                    Defendants.



<u>OPINION AND ORDER</u>

        This matter is before the Court, with the consent of the parties
pursuant to 28 U.S.C. § 636(c), on *Defendants' Motion for Summary
Judgment* ("*Defendants' Motion*"), Doc. No. 30.  Plaintiff Sean Beck
filed a response to the motion, *Response to Motion for Summary
Judgment* ("*Plaintiff's Response*"), Doc. No. 33, to which defendants
filed a reply.  *Reply in Support of Defendants' Motion for Summary
Judgment* ("*Defendants' Reply*"), Doc. No. 34.  For the reasons that
follow, *Defendants' Motion* is **GRANTED**.

I.    **Background**

        Plaintiff Sean Beck, an inmate currently incarcerated at the
Bureau of Prisons Facility in Terre Haute, Indiana, brings this civil
rights action under 42 U.S.C. § 1983 against defendants Muskingum
County, Ohio, Muskingum County Sheriff Matt Lutz, and Muskingum County
Detective Amy Thompson.  Plaintiff alleges that defendant Thompson
improperly shared personal information with Britton Beck, plaintiff's

1

former wife, and improperly shared information gained in connection with plaintiff's criminal prosecution while testifying at his divorce hearing.

Plaintiff was a Zanesville, Ohio police officer from 2003 until his arrest in 2007. *Complaint*, ¶¶ 12-14. In his unverified *Complaint*, plaintiff alleges that his phone calls were recorded during his incarceration at the Franklin County jail and that the recordings were made available to defendant Thompson, who was investigating plaintiff at the time on an unrelated matter. *Id*. at ¶¶ 15, 18-19. Defendant Thompson allegedly shared this information with Britton Beck and used "her position as a Detective to assist Britton Beck in her divorce proceedings." *Id*. at ¶ 31. Defendant Thompson testified for Britton Beck at the latter's February 24, 2009 divorce hearing. *Id*. at ¶ 32. Defendant Thompson also informed Britton Beck "that the Federal Bureau of Investigation . . . collected eight hundred dollars from Plaintiff when he was arrested." *Id*. at ¶ 36. Plaintiff alleges that defendant Thompson shared this information with, and testified for, Britton Beck even after she was told by Assistant United States Attorney David Devillers and FBI Special Agent Drew McConnahey to stop sharing information with Britton Beck. *Id*. at 26-28. According to plaintiff, these actions constitute a "continuing violation" of his civil rights. *Id*. at 37.[1]

## II. Standard

---

[1]Although the *Complaint* refers to state law claims, *see id*. at ¶¶ 40 – 58, plaintiff does not intend to pursue such claims. *See Preliminary Pretrial Order*, Doc. No. 8, p. 1. The Court also notes that plaintiff fails to address any such claims in his response to *Defendants' Motion*.

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought shall be rendered if the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact." *Id*. In making this determination, the evidence "must be viewed in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, summary judgment is appropriate if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "mere existence of a scintilla of evidence in support of the [opposing party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate "the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the

nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)). "Once the moving party has proved that no material facts exist, the non-moving party must do more than raise a metaphysical or conjectural doubt about issues requiring resolution at trial." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## III. Discussion

Defendants argue that summary judgment is appropriate because they are absolutely immune from liability in connection with Thompson's alleged testimony at plaintiff's divorce hearing. Defendants also argue that plaintiff has failed to articulate an actionable constitutional violation to support his § 1983 claims. In opposing the motion for summary judgment, plaintiff does not identify any issue of material fact; indeed, plaintiff has failed to produce any admissible evidence even suggesting the existence of a genuine issue of material fact.

The only evidence to which plaintiff refers in opposing *Defendants' Motion* is his own deposition, *Sean Beck Deposition*, Doc. No. 24. Specifically, plaintiff cites his deposition for the following:

> Plaintiff's criminal defense attorney Terry Sherman had requested this sharing of information cease. David Devillers, Assistant United States Attorney for the Southern District of Ohio, and Drew McConnahey, special agent in charge of the investigation, both told Defendant Thompson to stop sharing information with Britton Beck. Alan Pfueffer, assistant Federal Public Defender, even had to reiterate the request to David Devillers about the sharing of information when he

4

> became Plaintiff's attorney. Eventually, the Federal
> investigators told the local authorities that they would not
> be sharing any more information with them in regards to
> Plaintiff.

*Plaintiff's Response*, at 3 (internal citations omitted) (citing *Sean Beck Deposition*, Doc. No. 24, pp. 83-88). The portions of the deposition cited by plaintiff provide that plaintiff was told by his former criminal defense attorney, Alan Pfeuffer, that Assistant United States Attorney Devillers and FBI Special Agent Drew McConnahey told Pfeuffer that they had told defendant Thompson to stop sharing information. *See Sean Beck Deposition*, pp. 85-88. Clearly, plaintiff has no personal knowledge of these alleged facts and his testimony in this regard constitutes inadmissible hearsay. It is well-established that "[a] party opposing a motion for summary judgment cannot use hearsay or other inadmissible evidence to create a genuine issue of material fact." *Sperle v. Mich. Dep't of Corr.*, 297 F.3d 483, 495 (6th Cir. 2002) (quoting *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000)).

In short, there is no admissible evidence before the Court in support of plaintiff's allegations or claims.

**A. Immunity**

Defendants also argue that they are entitled to summary judgment because they enjoy immunity from liability for money damages (the only form of relief sought by plaintiff) arising out of defendant Thompson's alleged testimony. *Defendants' Motion*, pp. 4-6. Plaintiff argues that immunity does not apply to defendants because defendant Thompson's testimony was not at a "criminal trial" and it did not involve "perjured testimony." *Plaintiff's Response*, pp. 5-6.

However, it is well settled that witnesses, including police officers, enjoy "absolute immunity with respect to any claim based on the witness' testimony." *Rehberg v. Paulk*, 132 S.Ct. 1497, 1505 (2012) (citing *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983)). *See also Cleavinger v. Saxner*, 474 U.S. 193, 201 (1985); *Tower v. Glover*, 467 U.S. 914, 920 (1984); *LidoChem, Inc. v. Stoller Enters., Inc.*, No. 10-1686, 2012 WL 4009709, at *12 (6th Cir. Sept. 12, 2012). That immunity is not limited by either the nature of the judicial proceeding or of the testimony given. Therefore, defendant Thompson is entitled to summary judgment to the extent that plaintiff's claims are based on her testimony at plaintiff's divorce proceeding.

To the extent that plaintiff's claims against defendants Muskingum County, Ohio and Muskingum County Sheriff Matt Lutz are based on defendant Thompson's testimony, they appear to be based solely on the theory of *respondeat superior*. Of course, *respondeat superior* is not a viable basis for liability under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Therefore, defendants Muskingum County, Ohio and Muskingum County Sheriff Matt Lutz are entitled to summary judgment to the extent that plaintiff's claims are based on defendant Thompson's testimony at plaintiff's divorce proceeding.

**B.    Constitutional Violation**

Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

6

> laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. A *prima facie* case under § 1983 requires evidence of (1) conduct by an individual acting under color of state law, and (2) the deprivation of a right secured by the Constitution or laws of the United States. *Day v. Wayne Cnty. Bd. of Auditors*, 749 F.2d 1199, 1202 (6th Cir. 1984) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). Section 1983 merely provides a vehicle for enforcing individual rights and does not itself establish any substantive rights. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002).

Defendants argue that they are entitled to summary judgment on plaintiff's § 1983 claim because plaintiff cannot establish a constitutional violation. *Defendants' Motion*, pp. 6-8. The unverified *Complaint* does not specify the constitutional right allegedly violated by defendants. However, plaintiff's response to *Defendants' Motion* contends that defendants violated his constitutional right to informational privacy. *Plaintiff's Response*, pp. 7-10.

The right to informational privacy is narrowly construed and involves a two-part test: "'(1) the interest at stake must implicate either a fundamental right or one implicit in the concept of ordered liberty; and (2) the government's interest in disseminating the information must be balanced against the individual's interest in keeping the information private.'" *Flaskamp v. Dearborn Pub. Sch.*, 385 F.3d 935, 945 (6th Cir. 2004) (quoting *Bloch v. Ribar*, 156 F.3d 673, 684 (6th Cir. 1998)). Plaintiff argues that his fundamental

7

rights to privacy in marriage and in family relationships were "violated when Defendant Thompson, in her official capacity, chose to insert herself, and the government, into Plaintiff's marriage and family life by sharing private details with his wife and testifying at his divorce proceeding." *Plaintiff's Response*, p. 8. According to plaintiff, defendant Thompson revealed private information about plaintiff's finances and life and defendant Thompson's criminal investigation of plaintiff. *Id*.

To the extent that plaintiff's claim is based on defendant Thompson's testimony at his divorce hearing, the claim is without merit. As discussed *supra*, plaintiff's claim for money damages based on defendant Thompson's alleged testimony cannot proceed. *See Briscoe*, 460 U.S. at 332-33; *Monell*, 436 U.S. at 691.

To the extent that plaintiff's claims are based on defendant Thompson's alleged "sharing private details with" plaintiff's former wife, plaintiff has not pointed to any admissible evidence in support of his claims. Plaintiff relies on *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998), for the proposition that defendant Thompson violated his right to informational privacy by sharing information "in a court of public record" that was "detrimental to the safety of Plaintiff" and a "violation of officer safety." *Plaintiff's Response*, p. 9. Plaintiff, however, was not a police officer at the time of the divorce hearing, *see Sean Beck Deposition*, pp. 13, 90-91, and there is no evidence that the information allegedly shared by defendant Thompson rose to the level of a constitutional violation.

In *Kallstrom*, the United States Court of Appeals for the Sixth

Circuit held that an undercover police officer had a constitutional right to privacy in his personal information that was disclosed by the government to gang members who had a propensity for violence and who were likely to seek revenge. *Kallstrom*, 136 F.3d at 1062-65. *Kallstrom* "did not create a broad right protecting plaintiff's personal information." *Barber v. Overton*, 496 F.3d 449, 456 (6th Cir. 2007). "Rather, *Kallstrom* created a narrowly tailored right, limited to circumstances where the information disclosed was particularly sensitive and the persons to whom it was disclosed were particularly dangerous *vis-à-vis the plaintiffs*." *Id*. (emphasis in original) (holding that the government's release of corrections officers' social security numbers and birth dates to prisoners at a maximum security correctional facility did not violate the officers' right to informational privacy). In the case presently before the Court, there is no evidence detailing the information allegedly disclosed nor is there any indication that any information that may have been disclosed was particularly sensitive or was disclosed to people who were particularly dangerous to plaintiff. Furthermore, there is no evidence that the information disclosed, or the manner in which it was disclosed, affected plaintiff's right to marry a person of his own choosing, *see Loving v. Virginia*, 388 U.S. 1 (1967), or his freedom of personal choice in matters of family life. *See Prince v. Massachusetts*, 321 U.S. 158, 166 (1944). Accordingly, plaintiff has failed to articulate the deprivation of a constitutional right actionable under § 1983.

The unverified *Complaint* also alleges that defendants "conspired

to violate plaintiff's statutory civil rights in violation of 42
U.S.C. § 1983, for which Defendants Lutz and Thompson are individually
liable." *Complaint*, ¶ 46. "'A civil conspiracy is an agreement
between two or more persons to injure another by unlawful action.'"
*Hensley v. Gassman*, Nos. 11-1071, 11-1129, 2012 WL 3932043, at *10
(6th Cir. 2012) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th
Cir. 1985)). "The plaintiff has the burden of showing that a single
plan existed, that the alleged coconspirator shared in the general
conspiratorial objective, and that an overt act was committed in
furtherance of the conspiracy that caused injury to him." *Scott v.
Churchill*, 225 F.3d 659, 2000 WL 519148, at *3 (6th Cir. Apr. 6, 2000)
(citing *Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996)). Thus,
in order to prevail on a conspiracy claim, plaintiff "must establish
facts showing not only an agreement by defendants to violate
plaintiff's constitutional rights, but also an actual deprivation of a
constitutional right." *Crosky v. Ohio Dept. of Rehab. & Corr.*, No.
2:09-cv-400, 2012 WL 748408, at *12 (S.D. Ohio Mar. 8, 2012) (citing
*Stone v. Holzberger*, 807 F. Supp. 1325, 1340 (S.D. Ohio 1992)). As
discussed *supra*, plaintiff has failed to establish the deprivation of
any constitutional right and he points to no specific evidence
demonstrating a genuine issue of material fact. Accordingly,
defendants are entitled to summary judgment on plaintiff's § 1983
claims.

In short, defendants are immune from liability for all claims
arising out of defendant Thompson's testimony at plaintiff's divorce
hearing. To the extent that plaintiff's claims are unrelated to

defendant Thompson's testimony, plaintiff has not produced evidence of the denial of a constitutional right. Defendants are therefore entitled to judgment as a matter of law.

Accordingly, *Defendants' Motion for Summary Judgment*, Doc. No. 30, is **GRANTED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.


October 10, 2012                                    ___***s/ Norah McCann King***___
                                                    Norah McCann King
                                                    United States Magistrate Judge