# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **SEAN W. BECK,** | : | |
| Plaintiff, | : | **Case No.: 2:11-CV-00155** |
| vs. | : | **Judge Watson** |
| | | **Magistrate Judge King** |
| **MUSKINGUM COUNTY, OHIO,** *et al.*, | : | |
| Defendants. | : | |

## DEFENDANTS' MOTION FOR ATTORNEY'S FEES AND EXPENSES

Defendants Muskingum County, Ohio, Muskingum County Sheriff Matt Lutz, and Muskingum County Detective Amy Thompson ("Defendants"), by and through counsel, and pursuant to Federal Rule of Civil Procedure 54(B) and 42 U.S.C. § 1988(b), respectfully move this Court to issue them an award of attorney's fees and costs in the amount of $30,135.55.  This motion is supported by the attached memorandum in support.

Respectfully submitted,

*/s/ Julia R. Baxter*
Jeffrey A. Stankunas   (0072438)
jas2@isaacbrant.com E-Mail
Julia R. Baxter           (0086648)
jrb@isaacbrant.com E-Mail
**Isaac Brant Ledman & Teetor, LLP**
250 East Broad Street, Suite 900
Columbus, OH 43215-3742
(614) 221-2121 Phone
(614) 365-9516 Fax
*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

**I.     FACTS**

Following his arrest and conviction which arose from an investigation conducted by the Muskingum County Sheriff's Office, former Zanesville Police Officer Sean Beck filed an unverified Complaint under 42 U.S.C. § 1983 which alleged that his constitutional rights were violated. (Doc. No. 2). On March 23, 2012, Defendants filed a Motion for Summary Judgment. (Doc. No. 30). Plaintiff filed his Response to Motion for Summary Judgment ("Response") on April 26, 2012. (Doc. No. 33). On May 8, 2012, Defendants filed their Reply in Support of Motion for Summary Judgment. (Doc. No. 34). The Court granted the Defendants' Motion for Summary judgment, in its entirety, on October 10, 2012. (Doc. No. 35). The Defendants now seek an award of their attorney fees and costs incurred in the course of defending this litigation.[1]

**II.    LAW AND ARGUMENT**

     **A.     Defendants Are Entitled To Their Attorney's Fees Pursuant To 42 U.S.C. § 1988(b).**

42 U.S.C. § 1988(b) states in relevant part that "[i]n any action or proceeding to enforce a provision of sections . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." With regard to who is a "prevailing party," the United States Supreme court has recognized that a "prevailing defendant" may be awarded attorney fees "where the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S.

---

[1] Despite Plaintiff's incarceration, Defendants believe he has assets for which any award of attorney's fees and costs can be satisfied. This includes his claim for uncompensated overtime against his former employer, the City of Zanesville /Zanesville Police Department. *See Beck v. City of Zanesville, et al.*, Case No. 2:10-cv-00886 (S.D. Ohio)(Magistrate Judge Kemp).

2

5, 14 (1980).[2]  A defendant who is granted summary judgment qualifies as a prevailing party. *See Wilson-Simmons, et. al., v. Lake County Sheriff's Dept. et. al.*, 207 F.3d 818 (6th Cir. 2000) (Trial Court affirmed where the plaintiff was ordered to pay defendants' attorney fees after defendants successfully moved for summary judgment in a 42 U.S.C. § 1983 action.  Trial Court found that the plaintiff must have been aware of the baselessness of her claims making them without foundation and frivolous).

The Defendants constitute the prevailing party in this case because the Court granted their Motion for Summary Judgment, in its entirety.  Furthermore, Plaintiff should have been aware that his claims were frivolous, unreasonable, or without foundation.  For instance, since 1983, the United States Supreme Court has been clear that the Defendants would be absolutely immune from suit based upon testimony given by a sheriff's deputy such as Detective Thompson, regardless of the nature of the judicial proceeding or the testimony given.  (Doc. 35 at p. 6).  Similarly, with regard to Plaintiff's claim of respondeat superior liability, the United States Supreme Court has been clear since 1978 that this is "not a viable basis for liability under § 1983."  *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978).  (Doc. No. 35 at p. 6). As to Plaintiff's claims regarding Detective Thompson's alleged sharing of "private details with" Plaintiff's former wife, he did not "point[] to any admissible evidence in support" of that allegation.  (Doc. No. 35 at p. 8).  Similarly, with regard to his conspiracy claim, this Court properly determined that "[P]laintiff . . . failed to establish the deprivation of any constitutional right and he points to no specific evidence demonstrating a genuine issue of material fact." (Doc. No. 35 at p. 10).

---

[2] The Supreme Court in *Hughes, supra*, found that while the frivolous, unreasonable, or without foundation standard was traditionally applied to Title VII cases, there was no reason to apply any different of a standard to § 1983 actions.  *Id.* at 14.

Plaintiff filed his unverified Complaint despite the fact that the applicable law and the evidence in support of his claimed wrongdoing meant that his Complaint was frivolous, unreasonable, and without foundation. He did this without regard to the attorneys fees and costs that he would cause the taxpayers of Muskingum County to incur. As of the filling of this Motion, Defendants have incurred a total of $30,135.55 in attorney's fees and expenses as a result of this litigation. (See Affidavit of Jeffrey A. Stankunas attached here as Exhibit A, ¶ 5). This amount includes $28,182.00 in fees for work performed by attorney's, paralegals, and law clerks, as well as $1,953.55 in expenses. (See Stankunas Aff. ¶¶ 3, 4). The undersigned's affidavit and the exhibits attached to it document and substantiate the fees and expenses above expended in the defense of the Plaintiff's claims. The attorney's fees and expenses are reasonable and should be awarded in this case.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court award them their attorney's fees and costs in the amount of $30,135.55.

Respectfully submitted,

*/s/ Julia R. Baxter*
Jeffrey A. Stankunas   (0072438)
jas2@isaacbrant.com E-Mail
Julia R. Baxter        (0086648)
jrb@isaacbrant.com E-Mail
**Isaac Brant Ledman & Teetor, LLP**
250 East Broad Street, Suite 900
Columbus, OH 43215-3742
(614) 221-2121 Phone
(614) 365-9516 Fax
*Attorneys for Defendants*

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

*/s/ Julia R. Baxter*
Julia R. Baxter        (0086648)
*Attorneys for Defendants*