IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SEAN WILLIAM BECK,

          Plaintiff,

    vs.                          Civil Action 2:11-CV-155
                                     Magistrate Judge King

MUSKINGUM COUNTY, OHIO, *et al.*,

          Defendants.

<u>OPINION AND ORDER</u>

This matter is before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), on *Defendants' Motion for Attorney's Fees and Expenses* ("*Defendants' Motion*"), Doc. No. 37. Defendants seek an award of attorneys' fees and costs, under Federal Rule of Civil Procedure 54 and 42 U.S.C. § 1988(b), in the amount of $30,135.55. Plaintiff opposes *Defendants' Motion. Response to Motion for Attorney's Fees* ("*Plaintiff's Response*"), Doc. No. 38. Defendants have filed a reply. *Reply in Support of Defendants' Motion for Attorney's Fees and Expenses*, Doc. No. 39. For the reasons that follow, *Defendants' Motion* is **DENIED**.

I.    **Background**

Plaintiff Sean Beck, an inmate currently incarcerated at the Bureau of Prisons Facility in Terre Haute, Indiana, brought this civil rights action under 42 U.S.C. § 1983 against defendants Muskingum County, Ohio, Muskingum County Sheriff Matt Lutz, and Muskingum County Sherif Detective Amy Thompson. Plaintiff alleged that defendant Thompson improperly shared personal information with Britton Beck,

1

plaintiff's former wife, and improperly shared information gained in connection with plaintiff's criminal prosecution while testifying at his divorce hearing.

Plaintiff was a Zanesville, Ohio, police officer from 2003 until his arrest in 2007. *Complaint*, Doc. No. 3, ¶¶ 12-14. In his unverified *Complaint*, plaintiff alleged that his phone calls were recorded during his incarceration at the Franklin County jail and that the recordings were made available to defendant Thompson, who was investigating plaintiff at the time on an unrelated matter. *Id.* at ¶¶ 15, 18-19. Defendant Thompson allegedly shared this information with Britton Beck and used "her position as a Detective to assist Britton Beck in her divorce proceedings." *Id.* at ¶ 31. Defendant Thompson testified for Britton Beck at the latter's February 24, 2009 divorce hearing. *Id.* at ¶ 32. Defendant Thompson also informed Britton Beck "that the Federal Bureau of Investigation . . . collected eight hundred dollars from Plaintiff when he was arrested." *Id.* at ¶ 36. Plaintiff alleges that defendant Thompson shared this information with, and testified for, Britton Beck even after she was told by Assistant United States Attorney David Devillers and FBI Special Agent Drew McConnahey to stop sharing information with Britton Beck. *Id.* at 26-28. According to plaintiff, these actions constituted a "continuing violation" of his civil rights. *Id.* at 37.

Plaintiff filed this action on February 22, 2011. *Complaint*, p. 1. Defendants did not file a motion to dismiss but, on March 23, 2012, defendants filed a motion for summary judgment, *Defendants' Motion for Summary Judgment*, Doc. No. 30, which was granted on October

10, 2012. *Opinion and Order*, Doc. No. 35, p. 11. In granting summary
judgment, the Court concluded:

> In short, defendants are immune from liability for all claims
> arising out of defendant Thompson's testimony at plaintiff's
> divorce hearing. To the extent that plaintiff's claims are
> unrelated to defendant Thompson's testimony, plaintiff has not
> produced evidence of the denial of a constitutional right.
> Defendants are therefore entitled to judgment as a matter of
> law.

*Id.* at pp. 10-11.

Defendants, as the prevailing parties,[1] now seek an award of
attorneys' fees and costs in the amount of $30,135.55. *Defendants'
Motion*, p. 1.

## II.   STANDARD

"Ordinarily, under the American Rule, . . . each party bears its
own attorney fees." *Griffin Indus., Inc. v. U.S. E.P.A.*, 640 F.3d
682, 685 (6th Cir. 2011) (quoting *BDT Prods., Inc. v. Lexmark Int'l,
Inc.*, 602 F.3d 742, 752 (6th Cir. 2010)). However, a court may, in
its discretion, allow the prevailing party (other than the United
States) in a section 1983 civil rights action, a reasonable attorney's
fee as part of costs. 42 U.S.C. § 1988(b). However, an award of
attorney fees against a losing plaintiff in a civil rights action is
"'an extreme sanction, and must be limited to truly egregious cases of
misconduct.'" *Cheolas v. City of Harper Woods*, 467 F. App'x 374, 382-
83 (6th Cir. 2012) (quoting *Garner v. Cuyahoga Cty. Juvenile Court*,
554 F.3d 624, 635 (6th Cir. 2009)). "A prevailing defendant should
only recover upon a finding by the district court that 'the

---

[1] Plaintiff concedes that defendants are prevailing parties for
purposes of 42 U.S.C. § 1988. *See Plaintiff's Response*, p. 2.

plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)). "To determine whether a claim is frivolous, unreasonable or groundless, the court must determine plaintiff's basis for filing the suit." *Id.* at 548 (citing *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 183 (6th Cir. 1985)). The United States Supreme Court has warned, however, that district courts must "resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Christiansburg Garment Co. v. EEOC, 434 U.S. 412,* at 421-22 (1978).

## III. Discussion

Plaintiff's claims were inadequate to withstand a motion for summary judgment. *See Opinion and Order*, Doc. No. 35. They were not, however, frivolous or unreasonable. Defendants argue that plaintiff "filed his unverified Complaint despite the fact that the applicable law and the evidence in support of his claimed wrongdoing meant that his Complaint was frivolous, unreasonable, and without foundation." *Defendants' Motion*, p. 4. Defendants point out that plaintiff offered no admissible evidence to support his claims and that the Court, in granting summary judgment, concluded that plaintiff had failed to establish the deprivation of any constitutional right. *Id*. at p. 3.

Neither the award of summary judgment to defendants nor plaintiff's failure to produce admissible evidence equate with a

determination that plaintiff's claims were without foundation when the *Complaint* was initially filed. *See Riddle*, 266 F.3d at 550. *See also* Fed. R. Civ. P. 11(b)(3) (explaining that the evidentiary foundation of claims may be fleshed out through discovery). Although insufficient to create a genuine issue of material fact, plaintiff did offer some evidence in support of his claims. *See Response to Motion for Summary Judgment*, Doc. No. 33, p. 3. It is significant, too, that defendants did not "use[] Rule 12(b)(6) to narrow the claims at the onset of the case, rather than engaging in extensive discovery in order to obtain summary judgment." *Riddle*, 266 F.3d at 550 (quotations omitted). *See also Cheolas*, 467 F. App'x at 382-83; *Lowery v. Jefferson Cty. Bd. of Educ.*, 586 F.3d 427, 438 (6th Cir. 2009) (stating that a party's failure to file a motion to dismiss or a motion for summary judgment suggests that the complaint was not frivolous).

"The goal of the § 1988(b) provision is to incentivize litigation of meritorious civil rights violations, while deterring the filing of frivolous claims." *Cheolas*, 467 F. App'x at 383. Under the circumstances, the Court, in its discretion, declines to characterize plaintiff's *Complaint* as so frivolous or groundless as to justify an award of defendants' attorneys' fees under 42 U.S.C. § 1988.

*Defendants' Motion for Attorney's Fees and Expenses*, Doc. No. 37, is therefore **DENIED**.


November 16, 2012                           _s/ Norah McCann King_
                                            Norah McCann King
                                    United States Magistrate Judge